## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>QHB HOLDINGS LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-14312 (PJW)<br><br>Jointly Administered<br><br>**Objection Deadline: March 1, 2010 at 4:00 p.m.**<br>**Hearing Date: only if objections are filed** |

### FIRST MONTHLY APPLICATION OF WHITE & CASE LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS FOR THE PERIOD FROM DECEMBER 4, 2009 THROUGH DECEMBER 31, 2009

| | |
|---|---|
| Name of Applicant: | White & Case LLP |
| Authorized to Provide Professional Services to: | QHB Holdings LLC, et al. |
| Date of Retention: | Effective December 4, 2009 |
| Period for which compensation and reimbursement is sought: | December 4, 2009 through December 31, 2009 |
| Amount of compensation sought as actual, reasonable, and necessary:<br>(Exhibit "A") | $327,264.50 |
| 80% of total amount of compensation currently sought: | $261,811.60 |
| Amount of expense reimbursement sought as actual, reasonable, and necessary:<br>(Exhibit "C") | $8,004.00 |
| **Total Gross Amount of Award Requested:** | **$335,268.50** |

This is a/an __X__ monthly ____ interim ____ final application. The total time expended for fee application preparation is approximately 0 hours and the corresponding compensation requested is approximately $0.[2]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Generation Brands Holdings, Inc., Case No. 09-14325 (0247), Quality Home Brands Holdings LLC, Case No. 09-14321 (0532), QHB Holdings LLC, Case No. 09-14312 (0554), Generation Brands LLC, Case No. 09-14315 (1825), Murray Feiss Import LLC, Case No. 09-14316 (0556), Locust GP LLC, Case No. 09-14320 (0565), LPC Management, L.L.C., Case No. 09-14326 (1619), Light Process Company, L.P., Case No. 09-14323 (2730), Sea Gull Lighting Products LLC, Case No. 09-14318 (8003), Woodco LLC, Case No. 09-14322 (1169), Tech L Enterprises, Inc., Case No. 09-14324 (7690), Tech Lighting L.L.C., Case No. 09-14317 (2152), LBL Lighting LLC, Case No. 09-14319 (1784), and Tech L Holdings, Inc., Case No. 09-14314 (0613).

[2] The hours expended on the First Monthly Fee Application will be reflected in the final fee application.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>QHB HOLDINGS LLC, et al.,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 09-14312 (PJW)<br>)<br>) Jointly Administered<br>)<br>) **Objection Deadline: March 1, 2010 at 4:00 p.m.**<br>) **Hearing Date: only if objections are filed** |

## FIRST MONTHLY APPLICATION OF WHITE & CASE LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS FOR THE PERIOD FROM DECEMBER 4, 2009 THROUGH DECEMBER 31, 2009

Pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), White & Case LLP ("W&C"), co-counsel for QHB Holdings LLC ("QHB") and its affiliated debtors and debtors in possession (collectively, the "Debtors"), as and for its first monthly application for allowance of compensation for legal services rendered and reimbursement of expenses incurred on behalf of the Debtors (the "Application") in the aggregate amount of $335,268.50 for the period commencing December 4, 2009 through December 31, 2009 (the "Compensation Period"), respectfully represents as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Generation Brands Holdings, Inc., Case No. 09-14325 (0247), Quality Home Brands Holdings LLC, Case No. 09-14321 (0532), QHB Holdings LLC, Case No. 09-14312 (0554), Generation Brands LLC, Case No. 09-14315 (1825), Murray Feiss Import LLC, Case No. 09-14316 (0556), Locust GP LLC, Case No. 09-14320 (0565), LPC Management, L.L.C., Case No. 09-14326 (1619), Light Process Company, L.P., Case No. 09-14323 (2730), Sea Gull Lighting Products LLC, Case No. 09-14318 (8003), Woodco LLC, Case No. 09-14322 (1169), Tech L Enterprises, Inc., Case No. 09-14324 (7690), Tech Lighting L.L.C., Case No. 09-14317 (2152), LBL Lighting LLC, Case No. 09-14319 (1784), and Tech L Holdings, Inc., Case No. 09-14314 (0613).

## Background

1. On December 4, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing their respective chapter 11 cases (the "Cases"). On that same date, the Debtors also filed their Joint Prepackaged Chapter 11 Plan of Reorganization for QHB Holdings LLC and Its Affiliated Debtors [Docket No. 5] (as modified on January 13, 2010 [Docket No. 123], the "Plan") and disclosure statement in support thereof [Docket No. 6] (the "Disclosure Statement").

2. On January 15, 2010, the Court entered the Findings of Fact, Conclusions of Law, and Order (A) Approving the Debtors' Disclosure Statement, Solicitation Procedures and Forms of Ballots and (B) Confirming the Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization [Docket No. 141].

## Retention of W&C as Attorneys for the Debtors

3. On December 28, 2009, the Debtors filed their Application for an Order Pursuant to 11 U.S.C. §§ 327(a), 328 and 329 and Bankruptcy Rules 2014 and 2016 Authorizing the Employment and Retention of White & Case LLP as Attorneys for the Debtors Nunc Pro Tunc to the Petition Date (the "Retention Application") [Docket No. 77], which had attached as an exhibit the Declaration of Michael C. Shepherd in Connection with the Retention of White & Case LLP as Attorneys for the Debtors in support of the Retention Application.

4. By order dated January 15, 2010 [Docket No. 142], the Court approved the Retention Application and authorized the Debtors to retain W&C, nunc pro tunc to the Petition Date, to serve as their attorneys in these Cases.

## Interim Compensation Procedures

5. On January 11, 2010, the Court entered an Order Establishing Procedures for Interim Compensation and Reimbursement of Chapter 11 Professionals (the "Interim Compensation Order") [Docket No. 112]. Pursuant to the Interim Compensation Order, W&C is filing this Application for compensation for professional services rendered and reimbursement of expenses incurred in these Cases during the Compensation Period. If no objection is filed to this Application within twenty (20) days of the date of filing of such Application, then W&C may be paid eighty percent (80%) of the fees and one hundred percent (100%) of the expenses set forth in the Application.

## Jurisdiction

6. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

7. By this Application, pursuant to sections 330(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-2, and the Interim Compensation Order, W&C seeks interim allowance of compensation and reimbursement of expenses incurred during the Compensation Period as follows:

   A. Compensation on an interim basis in the amount of $327,264.50 for fees incurred in connection with services rendered on behalf of the Debtors during the Compensation Period, with 80% ($261,811.60) being payable upon the filing of a certificate of no objection. W&C has listed each of its professionals and paraprofessionals, their respective hourly rates, and the total number of hours billed by each during the Compensation Period by project category in the summary (the "Project Summary") attached hereto as Exhibit "A." A copy of the detailed time entry reports reflected by the Project Summary is attached hereto as Exhibit "B"; and

B.  Reimbursement of actual and necessary expenses in the amount of $8,004.00 incurred by W&C in connection with the foregoing services rendered on behalf of the Debtors during the Compensation Period. A summary and detailed itemization of such expenses are attached hereto as Exhibit "C".

### Prior Fee Applications and Payments to W&C

8.  This is the first monthly fee application filed by W&C in accordance with the Interim Compensation Order.

9.  All services rendered by W&C for which compensation is sought pursuant to this Application were rendered solely to or on behalf of the Debtors. No payments were received by W&C from any other source for services rendered or to be rendered in connection with these Cases.

### Services Rendered By W&C

10. As described in the Project Summary, during the Compensation Period, W&C professionals and paraprofessionals billed their time for services rendered on behalf of the Debtors to seven (07) distinct project categories.[2] The following is a summary of the services performed by W&C professionals and paraprofessionals on behalf of the Debtors during the Compensation Period, organized by project category.

A.  **Case Administration – 221.5 hours – $135,997.50**

11. Due to the size and complexity of these Cases, daily case administration matters necessarily required substantial services by W&C during the Compensation Period. W&C professionals and paraprofessionals were involved in the following activities, among others, relating to administration of these Cases during the Compensation Period:

---

[2] To the extent it is feasible, W&C professionals attempt to work during travel. Pursuant to Local Rule 2016-2(d)(viii), W&C professionals billed to a separate and additional category all travel time during which no work was performed. W&C has reduced its charges related to any non-working "travel time" to fifty percent (50%) of W&C's standard hourly rates, for a total of $4,726.50 for 9.3 hours.

- Conference calls and status meetings with the Debtors' management and other professionals to discuss and review the chapter 11 process, strategies, relationships with the Debtors' creditor constituencies, critical dates, the Debtors' chapter 11 reporting requirements, the status of pending motions and applications, the rights and obligations of debtors in possession, and other work in process.

- Participate in team meetings to discuss pending issues and general case strategy.

- Systematic review and analysis of all motions, applications, memoranda, exhibits, pleadings, correspondence and other documents filed or received in connection with these Cases.

- Supervise the filing of appropriate service of pleadings and notices.

- Prepare for and attend the first day hearing on December 8, 2009.

B.   **Financing – 141.2 hours – $82,670.50**

12. During the Compensation Period, W&C prepared a motion for debtor-in-possession financing, participated in numerous conference calls with the Debtors' lenders and financial advisors, negotiated the terms of the interim and final orders approving the financing and successfully prosecuted the motion.

C.   **Fee and Employment Applications – 75.5 hours – $45,624.00**

13. During the Compensation Period, W&C prepared the Debtors' applications for employment of W&C as the Debtors' attorneys, Barclays Capital Inc. as financial advisors to the Debtors, Sitrick and Company, Inc. as communications consultants to the Debtors, and EPIQ Bankruptcy Solutions, LLC as noticing, claims and balloting agent. W&C prepared an application to retain ordinary course professionals and corresponded with such ordinary course professionals in connection with the submission of affidavits for compensation in connection with their continued employment and receipt of payment during the course of the Cases. In addition, W&C researched and analyzed various retention issues in connection therewith, and negotiated with the United States Trustee with respect thereto.

D.  **Disclosure Statement/Plan of Reorganization – 55.7 hours – $35,410.50**

14. During the Compensation Period, W&C reviewed, drafted and revised various Plan Documents and prepared them for filing.

E.  **Assumption/Rejection of Contracts and Leases – 2.9 hours – $1,892.50**

15. During the Compensation Period, W&C advised and aided the Debtors in reviewing the terms of numerous leases in connection with their potential rejection under the Plan.

F.  **Claims Administration – 31.40 hours – $21,013.00**

16. During the Compensation Period, W&C coordinated with the Debtors to address various claims issues, including the drafting of a bar date motion and accompanying notices. In addition, W&C aided in the review, finalizing and filing of the Debtors' schedules of assets and liabilities and accompanying statements of financial affairs.

G.  **Non-working Travel – 9.1 hours – $4,656.50**

17. During the Compensation Period, W&C professionals spent time traveling to Wilmington, DE while representing the Debtors. In accordance with Local Rule 2016-2(d)(viii), W&C billed the Debtors for one-half the total time that W&C professionals spent on non-working travel.

## Expenses Incurred by W&C

18. Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by professionals and paraprofessionals employed in a chapter 11 case. Accordingly, as set forth in Exhibit "C" attached hereto, W&C seeks reimbursement for expenses ("Expenses") incurred in connection with services rendered to the Debtors during the Compensation Period in the amount of $8,004.00.

19. W&C's billing rates do not include components for copying, facsimile and other extraordinary charges that may be incurred by particular clients because of the exigencies of time and volume of demand. Only clients who actually use photocopying, facsimile and other administrative office services of this type are separately charged for such services. The effect of including such expenses as part of the hourly billing rates would impose those costs upon clients who do not require extensive photocopying and document production facilities and services. W&C's billing method, in which only clients who use copying and other office services are charged for such services, maximizes fairness to all clients and is commonplace among law firms.

20. The per-page rate charged for photocopying is fifteen cents ($0.15). In accordance with Local Rule 2016-2(e)(iii), W&C has reduced the per page rate charged for photocopying to ten cents ($0.10).

21. W&C's customary per page rate charged for facsimiles sent domestically is one dollar and twenty-five cents ($1.25), and for facsimiles sent internationally is two dollars and fifty cents ($2.50). In accordance with Local Rule 2016-2(e)(iii), W&C has reduced the per page rate charged for facsimiles sent domestically to one dollar ($1.00).

22. Charges for use of Westlaw, Lexis and other on-line research tools are also charged only to clients whose situations require the use of such tools at the invoice price which is billed to W&C. These on-line services are invaluable for up-to-date research and allow rapid access to numerous resources that otherwise might be difficult to obtain.

23. Regular long distance telephone calls have been required in order for W&C to fulfill its duties to the Debtors. The amount charged by W&C for these calls is the amount billed to W&C by its long distance service provider.

24. Overnight delivery of documents and other materials were often required as a result of exigent situations, necessitating the use of express services. To the extent possible, W&C selected the least expensive method of delivery. These charges are passed through by W&C with no profit added.

25. Consistent with firm policy, attorneys, paraprofessionals and other employees of W&C who worked late into the evenings were reimbursed for their reasonable meal costs and transportation for late night travel home. W&C's regular practice is not to include components for those charges in overhead when establishing billing rates and to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of services. The reimbursement of these requested disbursements is consistent with the provisions set forth in Local Rule 2016-2.

26. All travel and lodging expenses for which reimbursement is sought exclude first-class airfare (unless no other airfare was available for a particular flight or the attorney was upgraded as a result of frequent flyer programs), luxury accommodations, or deluxe meals.

27. W&C made every effort to minimize its expenses in these Cases. The expenses incurred in the rendition of professional services were necessary, reasonable and justified under the circumstances to serve the Debtors.

**Standards for Allowance of Compensation**

28. W&C is an international law firm with a widely recognized expertise in the area of bankruptcy and corporate reorganizations. Given the size and complexity of the Cases, the professional services rendered by W&C on behalf of the Debtors during the Compensation Period required a high degree of legal services. Thus, in accordance with the

factors enumerated in section 330 of the Bankruptcy Code, W&C respectfully submits that the compensation and reimbursement requested in the Application are reasonable, actual and necessary given (a) the complexity of the Cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services in the non-bankruptcy context.

### Notice

29.     W&C has served this Application in accordance with the Interim Compensation Order. Objections to the Application must be filed with the Court and served on the Debtors, W&C, the Office of the United States Trustee, and received no later than twenty (20) days after service of the notice of this Application (the "Objection Deadline"). If there are no objections received by the Objection Deadline, W&C will submit to the Court a certification of no objection.

### Certification

30.     The undersigned hereby certifies that he has reviewed the requirements of Local Rule 2016-2 and that this Application complies with the aforementioned rule.

31.     In addition, except as otherwise set forth herein, W&C states that no payments have heretofore been made to W&C for services rendered on behalf of the Debtors in connection with these Cases. Additionally, no agreement or understanding exists between W&C and any other person for a sharing of compensation received or to be received for services rendered in connection with these Cases, nor shall W&C share or agree to share such compensation with any other person.

32.     No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by W&C.

WHEREFORE, W&C respectfully requests that it be allowed (a) its fair and reasonable interim compensation in the amount of $327,264.50 for services rendered by W&C to the Debtors during the Compensation Period, with 80% ($261,811.60) being payable upon the filing of a certificate of no objection, (b) $8,004.00 as reimbursement for actual and necessary expenses incurred by W&C, on behalf of the Debtors, during the Compensation Period, and (c) such other and further relief as is just and proper.

Dated: Miami, Florida
      February 9, 2010

Respectfully submitted,

WHITE & CASE LLP

By  /s/ Thomas E Lauria
    Thomas E Lauria
    Fernando J. Menendez
    Kevin M. McGill
    Wachovia Financial Center
    200 South Biscayne Boulevard, 49th Floor
    Miami, Florida 33131
    (305) 371-2700

    Attorneys to the Debtors and
    Debtors in Possession